IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                      Cr. No. 04-2548 JC

ANTHONY P. MARTINEZ,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

        THIS MATTER comes before the Court on Defendant's *Motion to Dismiss Indictment*, filed March 30, 2005 (*Doc. 23*) ("Motion I"); Defendant's *Motion to Dismiss Indictment*, filed March 30, 2005 (*Doc. 24*) ("Motion II"); and Defendant's *Motion of Notice*, filed March 30, 2005 (*Doc. 25*) ("Motion III"). The Court, having considered the Motions, the parties' submissions, and the relevant authority, finds Motion I and Motion II not well-taken and they are, therefore, DENIED. The Court further finds Motion III Moot and it is DENIED as such.

**I.     Background**

        On September 20, 2001, the United States, through the Bureau of Alcohol, Tobacco and Firearms, filed a Criminal Complaint against Defendant, charging him with violation of 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm; and 18 U.S.C. § 922 (j), Felon in Possession of a Stolen Firearm. An arrest warrant was issued for Defendant on that same day. Finding a violation of the Interstate Agreement on Detainers Act (IADA) stemming from the United States Marshals Service ("U.S. Marshals") erroneously issuing a detainer against an *unsentenced* prisoner, and upon

consideration and application of the relevant factors in the IADA to the facts of the case, United States District Judge James Browning dismissed the indictment against Defendant without prejudice as remedy for the violation. *See Memorandum Opinion and Order in United States v. Martinez, No. CR-1340 JB*, filed December 6, 2004 (*Doc. 30*) ("Order").

On December 7, 2004, the government filed a second criminal complaint, again charging Defendant with violation of 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm; and 18 U.S.C. § 922 (j), Felon in Possession of a Stolen Firearm. Defendant was detained by United States Magistrate Judge Daniel Schneider the following day. On December 17, 2004, the Federal Grand Jury returned a two-count indictment against Defendant. Trial of this matter has been continued twice, the more recent of which came as a result of Defendant's filing these Motions.

**II.     Discussion**

    *A.     Motion I* (*Doc. 23*)

Defendant contends that the present indictment should be dismissed for violation of the Double Jeopardy Clause and the "Bartkus Exception to the Dual Sovereignty Rule." Mot. at 1. Defendant also attempts to raise issues related to the IADA violation that resulted in the dismissal of the first indictment without prejudice.

The government responds that the Double Jeopardy Clause contained in the Fifth Amendment to the United States Constitution not does apply in this case. The Court agrees, finding that jeopardy has not attached, for Defendant has not been tried, convicted or acquitted on the federal charges, nor has a jury been impaneled in this matter. When Defendant was arrested by the Albuquerque Police Department on September 18, 2001 it was for residential burglary and he was taken into custody for violating his state parole. After entering into a "no contest plea," Defendant was remanded to the

custody of the New Mexico Department of Corrections to serve a four (4) year term of imprisonment for the parole violation. This case arises from wholly separate charges. Defendant was charged and indicted under the federal statutes listed above which, notwithstanding such federal charges arising from the same residential burglary, bear no relationship to the state parole violation.

Regarding Defendant's "Bartkus Exception" argument, Defendant reiterates that it is unfair and unlawful for him to be charged by both the state (on a parole violation) and federal agencies (on firearms charges) for conduct arising from the same incident. Contrary to Defendant's assertions, the Dual Sovereignty Doctrine in fact provides an exception to the double jeopardy prohibition and it supports the government on this issue. The government correctly identifies that the doctrine referred to by Defendant "recognizes that two sovereigns often have separate, but legitimate interests in prosecuting a defendant." Resp. at 5 (citing *Rinaldi v. United States*, 434 U.S. 22, 28(1977). There are two limitations on the Dual Sovereignty Doctrine. They are: (1) that the federal and state law enforcement authorities may not manipulate the laws to essentially achieve second prosecution, *see Bartkus v. Illinois*, 359 U.S.121, 122-24 (1959); and (2) the Department of Justice has an internal practice known as the "*Petite Policy*" providing that the federal government may properly bring a successive prosecution only in the presence of compelling reasons to do so. *Petite v. United States*, 361 U.S. 529, 530-31 (1960).

The government argues that there have been no two successive prosecutions arising out of the September 2001 residential burglary, but that instead Defendant was sanctioned by the state for parole violation and, subsequently, the federal government charged him under federal firearms statutes. The government further asserts, and the Court agrees, that even if the state and local proceedings could be construed as successive prosecutions, no evidence exists from which the Court

3

might determine that authorities have impermissibly manipulated the system in any way.  Further, the Court finds compelling reasons supporting this prosecution given the serious nature of the weapons charges and Defendant's lengthy, serious criminal history.

Regarding the alleged speedy trial violation under the IADA, Defendant merely asserts the same issues and arguments that have been litigated and disposed of in Judge Browning's Order.  The Order constitutes the law of the case and Defendant is precluded from raising the issues again in this matter.  *United States v. Monsisvais*, 946 F.2d 114, 115 (10th Cir. 1991).

In summary, the Court finds no merit in Defendant's Motion and it is properly denied.

### *B.    Motion II (Doc. 24)*

In this Motion Defendant first argues that Rule 5(a) of the Federal Rules of Criminal Procedure has been violated because he was not promptly taken before a federal magistrate judge and advised of his rights.  Indeed, Rule 5(a) provides that a defendant must be taken without unnecessary delay before a magistrate judge or before a state or local judicial officer by the person making an arrest within the United States.  On the undisputed facts here, however, Defendant was arrested in this action by federal officials on August 12, 2004.  Defendant was subsequently brought before United States Magistrate Judge Robert Scott on August 16, 2004.  Defendant provides no legal argument supporting his apparent contention that four days constitutes "unnecessary delay" under Rule 5(a).  Thus, the Court finds no merit in Defendant's contention.

Next, Defendant asserts that Rule 7(c)(1) of the Federal Rules of Criminal Procedure was also violated in this case.  However, a reading of the Indictment, filed December 17, 2004 (*Doc. 8*) readily reveals a plain, concise, and definite statement of the essential facts constituting the charged offenses; it contains citations to the charging statutes; the means by which the two counts were allegedly

committed are stated; and Assistant United States Attorney Roberto Ortega signed the document. The Court finds that no more is required by Rule 7(c)(1) and, thus, no violation of that Rule has been committed.

Finally, in this Motion, Defendant alleges a Sixth Amendment violation arising out of the photo line-up conducted by Alcohol, Tobacco, and Firearms Case Agent Danny Garcia. Defendant relies on 18 U.S.C. § 3006(A)(b) in support of his assertion. As a matter of law, however, neither this subsection nor any other requires that counsel be provided at a photo line-up during the investigatory stages of a criminal prosecution.

Defendant also makes an argument that, insofar as the Court is able to understand it, relates back to the issues decided in the former case before Judge Browning, which, again, have been disposed of. Defendant also alleges that the government prevented him from obtaining counsel by sealing the original file in this matter. Assuming, as the Court must in light of Defendant's refusal of counsel in the instant case, Defendant refers to the old case, No. CR 01-1340 JB, no documents in that file are or were sealed. If, instead, Defendant refers to the present case, the same remains true-- no documents are or ever have been sealed by the government in this case.

For all of the foregoing reasons, Defendant's Motion is denied.

C.      *Motion III* (*Doc. 25*)

Finally, Defendant has submitted a document styled "Motion of Notice." Insofar as this Motion requests relief, it is moot. In this document, defendant alleges that administrators of the Regional Correctional Center in Albuquerque are directly responsible for Defendant losing crucial documents on the eve of trial. The Court, like the government, is quite concerned to hear the allegations made by Defendant--essentially that administrators searched Defendant's pod outside his

presence and removed his "legal papers," some of which Defendant subsequently found in a trash can.  Insofar as these allegations impact this proceeding, however, the Court finds the government's statement to the Court that Assistant United States Attorney Roberto Ortega has sent Defendant a new set of discovery materials, comprised of 176 pages of discovery materials, by U.S. mail on April 14, 2005 sufficient.  Mr. Ortega also apparently remains committed to providing Defendant with any further discovery in this matter should it become available.  Thus, the Court notes Defendant's contentions but, insofar as it requests relief based on lack of discovery information, finds Defendant's Motion of Notice Moot.

WHEREFORE,

**IT IS ORDERED** that Defendant's *Motion to Dismiss Indictment*, filed March 30, 2005 (*Doc. 23*) and Defendant's *Motion to Dismiss Indictment*, filed March 30, 2005 (*Doc. 24*) are DENIED.

**IT IS FURTHER ORDERED** that Defendant's *Motion of Notice*, filed March 30, 2005 (*Doc. 25*) is DENIED as MOOT.

May the parties take note that jury selection and jury trial will proceed as scheduled on Thursday, May 12, 2005 at 8:30 a.m.

Dated May 10, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    Roberto Ortega, Esq.

     AUSA

Defendant :

     Anthony P. Martinez, *Pro Se*
     Thomas Jameson, Esq.
     AFPD
     Standby Counsel